UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JESSE DAVID TEASLEY III,

    Plaintiff,

v.                                                 No.: 3:12-cv-596
                                                         (VARLAN/GUYTON)

SHERIFF J.J. JONES,
OFFICER HENLEY,
SGT. RISK, and
SGT. CINNAMON,

    Defendants.

## MEMORANDUM AND ORDER

The Court is in receipt of a *pro se* civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. Plaintiff's application to proceed *in forma pauperis* is **GRANTED**. The Clerk is **DIRECTED** to file this action without prepayment of costs and fees or security therefor as of the date the complaint was received. However, for the reasons stated below, process shall not issue and this action is **DISMISSED**.

Plaintiff's complaint concerns an incident that occurred during his confinement in the Knox County Detention Center; plaintiff is no longer in custody. The defendants are Knox County Sheriff J.J. Jones and three correctional officers.

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*,

23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

Under the Prison Litigation Reform Act (PLRA), district courts must screen prisoner complaints and sua sponte dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g., Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

> Responding to a perceived deluge of frivolous lawsuits, and, in particular, frivolous prisoner suits, Congress directed the federal courts to review or "screen" certain complaints sua sponte and to dismiss those that failed to state a claim upon which relief could be granted, that sought monetary relief from a defendant immune from such relief, or that were frivolous or malicious.

*Id*. at 1015-16 (6th Cir. 1999) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).

Plaintiff alleges that on January 28, 2012, after leaving his cell for recreation and while walking across the top skywalk, he slipped and fell and injured his neck, head, shoulders, and back. According to plaintiff, although a broken water pipe in another cell had covered half the skywalk with water, there were no "wet floor" warning signs nor was the skywalk roped off. Plaintiff seeks to hold the defendants liable for his pain and suffering. Plaintiff does not allege that the defendants violated his constitutional rights. Instead, his complaint is apparently based upon the defendants' alleged negligence in failing to warn inmates of a potentially dangerous condition.

2

It has long been settled that allegations of mere negligence on the part of prison or jail officials fail to state a claim upon which relief can be granted in a § 1983 action. *Daniels v. Williams*, 474 U.S. 327 (1986); *Gibson v. Matthews*, 926 F.2d 532, 537 (6th Cir. 1991). That concept was later expanded to include allegations of gross negligence as well. In *Lewellen v. Metropolitan Government of Nashville and Davidson County, Tennessee*, 34 F.3d 345 (6th Cir. 1994), the Sixth Circuit held that "[g]ross negligence is not actionable under § 1983, because it is not 'arbitrary in the constitutional sense.'" *Id.* at 351 (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 129 (1992)). *See also Gazette v. City of Pontiac*, 41 F.3d 1061, 1066 (6th Cir. 1994) ("gross negligence is not the type of government action needed to support a Section 1983 claim").

Although this Court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that the plaintiff has not alleged the deprivation of any constitutionally protected right, privilege or immunity, and, therefore, the court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. It appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief, *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983), and that plaintiff's claim lacks an arguable basis in law and fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, this action is **DISMISSED** *sua sponte*, as frivolous and for failure to state a claim upon which relief can be granted under § 1983.

In addition to the above, this Court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a) and hereby **CERTIFIES** that any appeal from this action would not be

3

Case 3:12-cv-00596   Document 3   Filed 01/09/13   Page 3 of 4   PageID #: 18

taken in good faith and would be totally frivolous. Therefore, this Court hereby **DENIES** the plaintiff leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**E N T E R :**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

4